## Abstract of the Decision.

1. APPEAL AND ERROR—*when question of abatement of action raised too late.* The objection that an action involving the possession of premises should have been abated during the pendency of a writ of error in a similar proceeding for the possession of the same premises, brought by another plaintiff against the defendant, is raised too late when first raised on appeal.

2. ABATEMENT AND REVIVAL, § 39*—*when pendency of writ of error not available to abate similar action.* The pendency of a writ of error cannot be invoked to abate another similar action unless the former operates as a *supersedeas.*

3. PARTIES, § 31*—*when substitution does not constitute new cause of action.* Where a wife is made a joint defendant to an action of forcible entry and detainer originally brought against a husband, and thereafter the action is dismissed as to the husband and the case proceeds against the wife alone, such substitution of parties does not constitute a new cause of action.

—————————

## Mary Hoeft, Defendant in Error, v. John Hoeft, Plaintiff in Error.

### Gen. No. 21,361.   (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed July 20, 1916.

### Statement of the Case.

Bill for divorce by Mary Hoeft, complainant, against John Hoeft, defendant.

On July 15, 1911, complainant was granted a default

decree of divorce on the ground of desertion. On the day the said decree was entered, defendant presented a motion to set aside the decree and for leave to file his answer, which said motion was entered of record and continued. On March 4, 1912, defendant presented his sworn answer to the bill and an affidavit in support of said motion. The court overruled said motion, and to review this action of the court, this writ of error has been prosecuted.

It was contended by defendant that the court, in overruling said motion, abused its discretion, defendant claiming that his affidavit and sworn answer set forth a meritorious defense to complainant's bill.

The answer filed by defendant denied the wilful desertion and its continuance without reasonable cause, as set forth in the bill. Said answer admitted that defendant had been living separate and apart from the complainant from the date of desertion alleged in the bill (November 4, 1907) to March 4, 1912, the date the affidavit and answer were presented and the motion denied. Defendant, in his answer, contended that his absence was justified because complainant had caused his arrest on a charge of disorderly conduct; that when that suit was *nolle prossed,* the justice of the peace before whom it was pending warned him that complainant wanted him to stay away from her. Defendant's answer further alleged that prior to the desertion in question, complainant's adult sons had threatened to take his life if he did not leave the home of complainant, after which he did leave and stayed away for some time, believing that said threats would be carried out; that complainant knew of said threats, and consequently had her two sons arrested; that following his arrest of November 4, 1907, he feared a renewal of hostilities on the part of complainant's said adult sons; that because of the fear of these sons and the warning of the court, he stayed away.

GEORGE J. DREISKE, for plaintiff in error.

THEODORE A. KOLB, for defendant in error.

MR. JUSTICE McDONALD, delivered the opinion of the court.

## Abstract of the Decision.

1. DIVORCE, § 10*—*when sufficient ground not shown for desertion.* The fact that a wife had caused the husband's arrest on a charge of disorderly conduct, and that when that action was *nolle prossed* the justice before whom it was pending warned the husband that the wife wished him to stay away from her, affords no justification for the husband's continued absence when the action of the justice was not shown to have been concurred in by the wife.

2. DIVORCE, § 10*—*when sufficient ground for desertion not shown.* The fact that the wife's adult sons threatened to kill the husband if he did not leave the wife's home cannot be attributed to the wife as an excuse for the desertion by the husband, where it is not shown that she aided and abetted in such threats, but it appears that she had her sons arrested in consequence thereof.

---

**Edwin J. Bowes, Jr., et al., Appellants, v. Eugene S. Pike, Appellee.**

### Gen. No. 21,372.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Reversed and remanded with directions. Opinion filed July 20, 1916. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Bill by Edwin J. Bowes, Jr., *et al.*, complainants, to restrain Eugene S. Pike, one of the defendants, from

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.